UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLA C. ALFARO BRITTANY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No.  2:26–cv–02165–TLN-SCR<br><br><u>ORDER</u> |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Plaintiff's motion for leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  ECF No. 2.

The motion makes an insufficient showing to proceed in forma pauperis ("IFP").  The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  *Id.* (internal citation and quotation omitted).

Plaintiff states she has monthly income of $15,000.  ECF No. 2 at 1.  Plaintiff states this income comes from social security disability, inheritance, and "state of California allotment."  *Id.*

1

Plaintiff lists that she has stocks and bonds and other financial instruments, but does not specify of what type or value. *Id*. at 2. Plaintiff lists as her only expense rent in the amount of $1,465. *Id*. Plaintiff's monthly income of $15,000 appears to vastly exceed her monthly expenses. It appears that Plaintiff is capable of paying the $405 filing fee. *See C.C.R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-0640-DAD-SAB, 2021 WL 2534461, *1 (E.D. Cal. June 21, 2021) ("Where the applicant's income exceeds expenses by a notable amount, it may be appropriate to deny in forma pauperis status"); *Najafianashrafi v. Garland*, No. 1:24-cv-00336-KES-BAM, 2024 WL 3917151 (E.D. Cal. Aug. 23, 2024) (denying motion to proceed IFP where plaintiff's monthly income exceeded expenses by $347); *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed IFP (ECF No. 2) is DENIED.

2. If Plaintiff wishes for this action to proceed, she must pay the filing fee **within 21 days** of the date of this order.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

4. If Plaintiff does not pay the filing fee within 21 days, the Court will recommend that this action be dismissed without prejudice.

IT IS SO ORDERED.

DATED: June 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE